## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANNABEL K. MELONGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 4924 |
| | ) | |
| v. | ) | Honorable Judge John Z. Lee |
| | ) | |
| ASA ROBERT PODLASEK, ET AL., | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RULE 56.1(A) STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR COMBINED MOTION FOR SUMMARY JUDGMENT[1]

Defendants, Assistant State's Attorney Robert Podlasek, Assistant State's Attorney Julie Gunnigle, and Assistant State's Attorney Randy Roberts (incorrectly sued as Investigator Randy Roberts), Investigator Kate O'Hara, Investigator James Dillon, Investigator Antonio Rubino, Investigator Rich Lesiak, Cook County Sheriff Thomas Dart, and Cook County (collectively referred to as the "County Defendants"), Former Assistant Attorney General Kyle French ("French"), Schiller Park Detective William Martin ("Martin"), and Carol Spizzirri ("Spizzirri")(collectively all referred to as the "Defendants"), pursuant to Northern District of Illinois Local Rule 56.1(a), submit this Statement of Undisputed Material Facts in support of their combined Motion for Summary Judgment. Defendants contend there is no genuine issue of material fact and that that they are entitled to summary judgment as a matter of law on the remaining counts of Plaintiff Annabel K. Melongo's ("Plaintiff") Second Amended Complaint.

**(A)** **Parties, Jurisdiction and Venue**

1.      Plaintiff is an adult resident citizen of Cook County, Illinois. (*See* Plaintiff's Second Amended Complaint ("Complaint"), ¶ 14, a true and accurate copy of which is attached

---

[1] Defendants do not agree with all of the allegations of fact in this statement of facts; however, for purposes of this motion, the Court must credit Plaintiff's allegations of fact and Defendant's denial of the allegations is immaterial.

hereto as Exhibit A.) . Defendants all reside in this district and/or resided in this district during

the alleged events giving rise to Plaintiff's Complaint. (Ex. A, ¶¶ 15-25.) This court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)-(3)-(4), and 1367. (*Id*., ¶

29.) Venue is proper pursuant 28 U.S.C. § 1391(b) as a substantial part of the events giving rise

to this claim occurred in this judicial district. (*Id*., ¶ 28.)

**(B)**      <u>**Plaintiff is Charged With Computer Tampering**</u>

        2.      At all times relevant to the Complaint, Spizzirri was the founder/principal of the

Save-A-Life Foundation ("SALF"). (*Id*., ¶ 31.)

        3.      In the Spring of 2006, Spizzirri accused Plaintiff, a recently terminated SALF

employee, of remotely deleting files from SALF's servers. (*Id*., ¶ 36.)

        4.      Plaintiff claims Defendants Roberts, French, and Martin investigated Spizzirri's

accusations by effectuating a search of Plaintiff's apartment, arresting her, and initiated computer

tampering charges against her. (*Id*., ¶¶ 39-40.)

        5.      Plaintiff alleges that there was no factual basis to support a finding of probable

cause that Plaintiff had committed an act of computer tampering. (*Id*., ¶ 40.) Nevertheless, on

October 31, 2006, Plaintiff was charged with three (3) counts of computer tampering for

allegedly remotely deleting computer files belonging to SALF (the "Computer Tampering

Arrest"). (Id., ¶ 30.) Plaintiff was arrested shortly thereafter in 2006. (Id., ¶ 1.)

        6.      On January 17, 2007, Plaintiff was indicted on three (3) counts of computer

tampering and a superseding indictment was issued on May 28, 2008 (the "Computer Tampering

Charges"). (*Id*., ¶ 43.)

        7.      Plaintiff was arraigned on the Computer Tampering Charges on June 18, 2008.

(Id., ¶ 45.)

8.      On or about October 7, 2009, Plaintiff, *pro se*, filed a Motion Requesting the Chief Judge Hear the Petition for Substitution of Judge and Prosecutor For Cause. (*See* Plaintiff's *pro se* Motion Requesting the Chief Judge Hear the Petition for Judge and Prosecutor for Cause, file stamped October 7, 2009, a true and accurate copy of which is attached hereto as Exhibit B.) In that motion, which sought the removal of the judge who had been presiding over her case and French, Plaintiff alleges corruption and misconduct by the Attorney General's Office and the State's Attorney's Office relative to her case. (Ex. B.)

9.      On or about October 28, 2009, Plaintiff, *pro se*, filed a Motion to Dismiss Indictment, seeking the dismissal of the Computer Tampering indictment. (*See* Plaintiff's *pro se* Motion to Dismiss Indictment, file stamped October 28, 2009, a true and accurate copy of which is attached hereto as Exhibit C.) In that motion, Plaintiff asserts that Defendant Martin perjured himself before the grand jury. (Ex. C.) Further, Plaintiff's motion references evidence gathered in discovery during the pendency of the Computer Tampering Charges and asserts that she has been denied due process. (*Id.*)

10.     On or prior to October 28, 2009, Plaintiff believed that Defendant Martin had perjured himself before the grand jury for the Computer Tampering Charges. (*See* Plaintiff's Responses to Defendant Martin's Requests to Admit, ¶ 7, a true and accurate copy of which is attached hereto as Exhibit D; Ex. C.)

11.     On or about February 3, 2010, Plaintiff, *pro se*, filed a Motion to Compel Discovery or to Dismiss related to the Computer Tampering Chagres (*See* Plaintiff's *pro se* Motion to Compel Discovery or to Dismiss, file stamped , February 3, 2010, a true and accurate copy of which is attached hereto as Exhibit E.) In that motion, Plaintiff acknowledged that she had previously received materials in discovery, including police reports, three CDs,

correspondence from the Attorney General's Office, reports of an Attorney General forensic expert, a list of deleted files, printouts of logs, and email communications of various parties. (Ex. E.) Plaintiff had also received a list of witnesses. (*Id.*)

12.     On July 6, 2010, Plaintiff filed a motion to Dismiss the Computer Tampering Charges, alleging that she had been denied "<u>fundamental due process</u>" based on Martin's alleged perjury to the grand jury and that the results of the investigation revealed that she had not committed the crime.  (*See* Plaintiff's *pro se* Motion Dismiss, a true and accurate copy of which is attached hereto as Exhibit F.)

**(C)     Plaintiff is Charged With Eavesdropping**

13.     After reviewing the transcript from her June 18, 2008 arraignment on the Computer Tampering Charges, Plaintiff contacted the court reporter for the proceedings to inquire why the transcript indicated that she had been present for the arraignment when she contended was not present. (Ex. A, ¶ 46.)

14.     On December 10, 2009, Pamela Taylor ("Taylor"), a supervisor with the court reporter's office, informed Plaintiff that she should not contact the court reporter again and to contact Taylor directly if she had any issues with the transcript. (*Id.*, ¶ 48.)

15.     Plaintiff contacted Taylor directly on December 10, 2009, December 15, 2009, and December 16, 2009 regarding the transcript. (*Id.*, ¶ 49.)

16.     Plaintiff recorded her telephone conversations with Taylor. (*Id.*, ¶¶ 49-50.)

17.     In November, 2009, Plaintiff created a website, www.illinoiscorruption.net, in an effort "to chronicle her efforts at defending against the computer tampering charges which she claimed were instituted without probable cause and as a result of political pandering." (*Id.* ¶ 51.) On December 17, 2009, Plaintiff posted her recorded conversations with Taylor online on her

website, www.illinoiscorruption.net (hereafter referred to as the "website").(*Id.*, ¶ 52.)

18.     On April 13, 2010, a criminal complaint was filed against Plaintiff and she was arrested for violations of the Illinois Eavesdropping Act for recording and posting her conversations with Taylor on Plaintiff's website. (*Id.*, ¶¶ 8, 63.)

19.     Plaintiff's website includes a webpage titled "Day of Arrest." (*See* "Day of Arrest" webpage at http://illinoiscorruption.net/eavesdropping/arrest.html, a true and accurate printout of which is attached hereto as Exhibit G.) Plaintiff specifically chronicles the events surrounding her April 13, 2010 arrest on the "On the "Day of Arrest" webpage. (Ex. G.) On this webpage, Plaintiff states that on the date of her arrest she was informed by a member of law enforcement that she was being charged for violating the Illinois Eavesdropping Statute.  (Ex. G.)

20.     More than four months prior to her arrest, Plaintiff made an entry on the "Chicago Courthouse" webpage of her website, dated December 10, 2009 explaining that Section 14-3(i) to the Illinois Eavesdropping Act provided an exemption that allowed her to legally make a secret tape recording of her telephone conversation with Defendant Taylor." (*See* "Chicago Courthouse" webpage at http://illinoiscorruption.net/computertampering/chicago.html, a true and accurate printout of which is attached hereto as Exhibit H.) Plaintiff's entry on the "Chicago Courthouse" webpage of her website, as described above, was part of her criminal case file and has been in existence since at least March 8, 2010. (Ex. H.)

21.     Plaintiff knew that she was being charged with violating the Illinois Eavesdropping Statute on the date of her arrest on April 13, 2010, and believed that her rights were being violated at the time of her arrest. (*See* Ex. G and Ex. H.)

22.     On April 27, 2010, Plaintiff was indicted for three (3) counts of recording phone

conversations and three (3) counts of publishing the conversations for Plaintiff's recorded conversations with Taylor on Plaintiff's website (the "Eavesdropping Charges"). (Ex. A, ¶ 69.) Plaintiff alleges that Defendants Podlasek, Gunnigle, French, Rubino, Lesiak, Dillon and O'Hara singled out Plaintiff for prosecution of the Eavesdropping Charges out of vindictiveness and retaliation for posting the conversations on her website. (Id., ¶ 65.)

**(D)     Plaintiff is Incarcerated and Released**

23.     On May 5, 2010, Plaintiff was incarcerated because she could not make her $300,000 bail. (Id., ¶ 70.)

24.     On October 20, 2011, Plaintiff was released from jail and placed on an electronic monitoring program. (Id., ¶ 79.)

25.     On November 23, 2011, Judge Goebel removed Plaintiff from her electronic monitoring program, reinstated her bond, and ordered her back to jail. (Id., ¶¶ 80-81.)

26.     On May 8, 2012, the Seventh Circuit declared the Illinois Eavesdropping Act unconstitutional; on June 19, 2012, the Eavesdropping Charges against Plaintiff were dismissed. (Id., ¶¶ 85-86.)

27.     On July 29, 2014, Plaintiff was acquitted of the Computer Tampering Charges. (Ex. D, ¶ 8.)

**(E)     The Timeliness of Plaintiff's Complaint**

28.     On July 10, 2013, Plaintiff filed her original complaint in this matter, alleging claims against Defendants Robert Podlasek and Julie Gunnigle, Investigator Defendants, Sheriff Dart, Cook County, and Defendant French. (*See* Docket # 1).

29.     On August 16, 2013, the Court entered an order indicating that amendments to Plaintiff's Complaint would relate back to her July 10, 2013 original complaint for purposes of

the statute of limitations so long as the amended complaint asserts claims or defenses that arose out of the conduct alleged in the original complaint. (Docket # 8.)  At this time, the Court also appointed counsel for Plaintiff. (Id.)

30.     Since that time, Plaintiff has had numerous counsel represent her in this matter. (Docket # 8, 15, 16, 21, 25, 105, 106, 121-123.)

31.     On June 5, 2014, Plaintiff, through her retained counsel, filed her First Amended Complaint in this matter. (Docket # 24.)  On November 5, 2014, Plaintiff filed her Second Amended Complaint, alleging claims—for the first time—against newly named Defendants Roberts, Martin, and Spizzirri. (Docket # 48.)


Dated:  September 7, 2016                     Respectfully Submitted,


By:     /s/ Scott A. Golden          By:     /s/  Christopher S. Wunder
        *One of the Attorneys for the*                *One of the Attorneys for Schiller Park*
        *County Defendants*                *Detective William Martin*

        Scott A. Golden                     Christopher S. Wunder
        Justin W. Hanson                    Eric D. Kaplan
        Assistant State's Attorneys         Kaplan Papadakis & Gournis, P.C.
        Cook County State's Attorney's Office   180 N. LaSalle Street
        500 Richard J. Daley Center         Suite 2108
        Chicago, IL 60602                   Chicago, IL 60601
        (312) 603-1902                      (312) 726-4928


By:     /s/ Alexander F. Stephens    By:     /s/  Miguel E. Larios
        *One of the Attorneys for*                *One of the Attorneys for Kyle French*
        *Carol Spizzirri*

        Donald John Angelini , Jr.              Miguel E. Larios
        Alexander F. Stephens           Office of the Illinois Attorney General
        Angelini & Angelini / Sutter & Ori, LLC     100 West Randolph Street
        155 N. Michigan Ave.                13th Floor
        Suite 400                           Chicago, IL 60601
        Chicago, IL 60601                   (312) 814-3119
        (312) 621-0000